```
               IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )    Chapter 7
MITCHELL A. PFAB,                 )
                                  )
     Debtor.                      )    Bankruptcy No. 05-05713
------------------------------
REGIONS BANK,                     )
                                  )    Adversary No. 05-9188
     Plaintiff,                   )
                                  )
vs.                               )
                                  )
MITCHELL A. PFAB,                 )
ELDON PFAB,                       )
                                  )
     Defendants.                  )
```

**ORDER RE MOTION TO ENFORCE STIPULATION OF AGREEMENT**

Hearing was held on March 7, 2007 pursuant to assignment on Regions Bank's Motion to Enforce Stipulation of Agreement. Plaintiff Regions Bank appeared by Attorney Lynn Hartman of the law firm of Simmons, Perrine, PLC. Also present were Mitchell Pfab and Eldon Pfab, pro se.

The record reflects that a hearing was previously held on November 14, 2006. That was the date scheduled for trial in this adversary. At the time of hearing, the parties agreed that a stipulation had been reached resolving all issues. The Court made a record of the proceedings and counsel for Regions Bank dictated the Bank's understanding of the Stipulation of Agreement into the record. The Court also held discussions with Defendants Mitchell and Eldon Pfab. It was the understanding of the Court at the time the hearing was concluded that all issues had been resolved.

Thereafter, a Stipulation of Agreement memorializing the Court record was prepared by counsel for Regions Bank and submitted to Eldon Pfab who executed the Stipulation of Agreement. The Stipulation was also executed by Plaintiff Regions Bank. The Court approved the Stipulation by Order entered January 4, 2007.

On January 22, 2007, Regions Bank filed the presently pending Motion to Enforce Stipulation of Agreement. The Bank seeks to enforce its stipulation with Defendant Eldon Pfab. In the approved Stipulation, Eldon Pfab agreed to pay the Bank $2,500 and the Bank agreed that it would release its rights to certain personal property as well as release UCC filings and

liens.  In a response, Eldon Pfab states that he will not pay the $2,500 until the Bank "cleans up negative credit information" it reported.  The Bank, in response, replies that the Stipulation contained no terms regarding credit reports.  It has, however, offered to correct any inaccuracies which may be reflected in any credit report, but Mr. Pfab, as of the time of hearing, refused to turnover copies of the credit reports about which he makes reference.

   Previously, Mr. Pfab obtained a cashier's check in the amount of $2,500 payable to Simmons, Perrine dated January 29, 2007.  This check is now in the possession of the Clerk of Bankruptcy Court.

   Based on all of the foregoing, Regions Bank asks that the Court enforce the Stipulation which was previously read into the record, executed, and approved by the Court.  The issues raised by Mr. Eldon Pfab are set out hereafter.  Mr. Mitchell Pfab has appeared at all hearings.  At the November 14, 2006 hearing, he indicated that he was not a direct participant in the settlement negotiations and that he did not object to the resolution.

   First, as a partial resistance, Mr. Pfab states that Simmons, Perrine, PLC, is not admitted to practice law in the Northern District of Iowa and that its attorneys committed fraudulent concealment by hiding this fact.  This recitation is based upon a 1947 Iowa Supreme Court case entitled State ex rel Maley v. Civic Action Committee, 28 N.W.2d 467, 471 (Iowa 1947).  Whatever the state of the law may have been in 1947, this was changed by passage of professional corporation statutes in the 1960s which allows and continues to allow attorneys to practice law through corporations.  David Paas, Professional Corporations and Attorney-Shareholders:  The Decline of Limited Liability, 11 J. Corp. L. 371, 373 (Spring 1986).  The Court has discussed this matter in considerable length in In re Randy Aloysius Roling, Bankr. 04-03823, slip op. at 2 (N.D. Iowa, Feb. 12, 2007).  The Court found this argument to be without merit and continues to rely on that ruling as authority that Mr. Pfab's argument is meritless.

   Second, Mr. Eldon Pfab asserts in his resistance that the Court ordered Regions Bank, in the November 14, 2006 hearing, to clean up any negative credit information reported by Regions Bank.  At the conclusion of the present hearing held on March 7, 2007, the Court ordered a transcript of the November 14, 2006 hearing to determine if the Court did indeed order the Bank to do the acts indicated by Mr. Pfab.  On pages 7 and 8 of the transcript, Mr. Pfab was asked if the Stipulation of Agreement read into the record by Ms. Hartman was accurate and reflected their discussions.  Mr. Pfab indicated that her recitation did comport with the conversations that they had held.  The Court asked Mr. Pfab if there was anything else that he could think of

2

that she left out that should be incorporated into this Stipulation of Agreement.  <u>See</u> page 7, line 25 and page 8, lines 1-2 of the transcript.  Mr. Pfab indicated "Not that I know of right offhand."  Mr. Pfab did mention on page 8, lines 6-25 and page 9, lines 1-12, the fact that he wanted his "credit" repaired.  After it was discussed that the liens would be lifted and UCC filings released, Mr. Pfab acknowledged that the Stipulation of Agreement was as it had been represented.  There is no reference in the transcript of November 14, 2006 which orders Regions Bank to clean up Mr. Pfab's credit history.

Finally, Regions Bank seeks to enforce the Stipulation of Agreement that was drafted and presented to Mr. Pfab.  As previously indicated, this document was presented to Mr. Pfab and he executed the Stipulation of Agreement.  In the Stipulation, there is no reference to Regions Bank cleaning up any credit record of Mr. Pfab.  The Stipulation of Agreement has been made part of the record.  It provides that Mr. Pfab would provide $2,500 to Regions Bank after which they would release all right, title and interest to certain property.  There are other provisions to the Stipulation of Agreement which are part of the record.  At the conclusion of the agreement, the parties acknowledged that this Stipulation, once implemented, would release and discharge all obligations between these two parties.  This Stipulation of Agreement was executed by Mr. Eldon Pfab.  He does not contend that he did not execute this document nor that he did not understand its contents.  An examination of the transcript of November 14, 2006 establishes that the Stipulation, subsequently presented to Mr. Pfab, was consistent with the stipulation and agreement of the parties which was read into the record on November 14, 2006.

In summary, the executed Stipulation of Agreement sets forth the agreement of the parties.  Mr. Pfab now seeks to have Regions Bank "clean up any negative credit information" which may be reflected in various credit reports.  However, this demand is not part of the executed Stipulation, nor was it ever ordered by this Court.  As a practical matter, neither the Court nor Regions Bank has control over what information a credit reporting agency maintains in its files.  Any remedies which Mr. Eldon Pfab may have against credit reporting agencies are more properly brought directly by him in a court of general jurisdiction.

This Court must conclude that a binding Stipulation of Agreement was entered into by Regions Bank and Mr. Eldon Pfab and was approved by this Court without objection.  The Bank has now filed a Motion to Enforce the Stipulation and the objections to that enforcement by Mr. Eldon Pfab are without merit as indicated in this opinion.  The Court notes that the Clerk presently holds a cashier's check in the appropriate amount payable to Regions Bank.  The Bank has also indicated that it is prepared to carry out the terms of the Stipulation which was previously approved by

3

this Court. As such, the Court finds that the Motion to Enforce should be granted. The Court finds that delivery of the cashier's check to Regions Bank will satisfy Mr. Pfab's portion of the settlement agreement. The Bank is directed to carry out the terms of the Stipulation as agreed by it in the approved Stipulation.

**WHEREFORE**, for all the reasons set forth herein, the Motion to Enforce Stipulation of Agreement filed by Regions Bank is GRANTED.

**FURTHER**, the Court finds that the arguments set forth by Defendant Eldon Pfab against enforcing the Stipulation of Agreement are without merit.

**FURTHER**, the Clerk of the Bankruptcy Court is directed to turn over to Lynn Hartman personally, or her designee, the cashier's check presently held by the Clerk. Ms. Hartman, or her designee, should be prepared to sign a document indicating that they have received this cashier's check at which time the same shall be released to them.

**FURTHER**, turnover by the Clerk to Ms. Hartman of the cashier's check in question will be deemed satisfaction of Eldon Pfab's obligations under the approved Stipulation of Agreement.

**FURTHER**, Regions Bank is directed to carry out the terms of the Stipulation of Agreement including the release of liens and satisfaction of liens as set out in the Agreement.

**FURTHER**, upon expiration of any appeal period, all conditions of this adversary will be deemed completed and this adversary will be closed.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered: March 30, 2007

_____
Paul J. Kilburg
Bankruptcy Judge

4